# AFFIDAVIT

I, Terrance Alden (Terrance Aulson), do HEREBY CERTIFY and ATTEST:

1. I Terrance Aulson, am in the lawful custody of the Bureau of Prisons ("BOP"), by and through the Warden, at USP Terre Haute.

2. I am serving a 125 year sentence for violations of 18 U.S.C. § 2113(a)-(d) bank robbery while armed.

3. I have been in custody since 1977, for several years close management was necessary.

4. However, as my case file reflects the last standing disciplinary report ("o/s report"), was filed in 1992.

5. I have been in custody at USP Terre Haute, since Oct. 2016, on return from Springfield Medical Center.

6. As all documented records here will reflect at no point during my custody here at USP Terre Haute, have I ever refused to accept whatever assigned cellmate ordered my way.

7. It should be noted I do not willingly go to sleep in cell in the presence of anyone, which makes cellmates uneasy that I remain awake for days and weeks at a time.

8. In August of 2019, I moved into the Challenge Program, my initial cell assignment was #213 with a black Dominican, homosexual named Mr Gil, the cell assignment lasted approximately 10 days, since Mr Gil, wanted to resume his activities.

9. I was moved to cell #217 with a black man from the D.C. area Mr Thomas, apparently a couple of the older D.C. prisoners informed Mr Thomas of the 1993, strangulation murder of Regional Rudd, a D.C. Moorish Science disciple, for which I was locked-up and investigated for about 90 days, then cleared of involvement by the FBI and SIS.

10. Notably, back in 1980-81, at USP Marion, I was locked-up for a murder investigation of a Moorish Science disciple, from D.C. area, however there were at least 20 other persons investigated for that murder, and I was ultimately cleared of the crime.

11. Mr Thomas, was particularly apprehensive given the fact I do not laydown and sleep at nite, when double celled, Mr Thomas, pushed the unit staff for a cell change which he got.

12. The next person assigned to cell with me was Dakota Moss, who is a young white homosexual, Mr Moss, wasted not a day in attempting to arrange a cell change, after about ten seperate attempts to change cells, Mr Moss, quit challenge program, moved to another cell block to resume his activities.

13. While housed in cell #216 a Mexican moved in and after two days he moved into a cell with his friend.

14. In November, Zheed Safarini, a Palestian, was ordered to move into cell #216 with me, contrary to his medical needs he was ordered to upper bunk.

15. Mr Safarini is about 60 years old with documented severe back injury further he is actually a Muslim, and just the investigations of alleged Muslims was enough for him to contact civil rights lawyer.

16. Mr Safarini's lawyer made contact with various Bureau staff at the upper level and Safarini was moved forthwith.

2

17. Alden submits that as of 10/14/19, in compliance with the tort claim laws, Alden filed two (2) form 95's tort claim BOP requirement, these claims were codified at TRT-NCR-2020-#01796 and #01797, the first addressing (broken arm 10/14/17) and second identifies (crushed nerve 5/14/18).

18. For this record approximately 60 pages of medical records were attached as appendix, identifying treatment of injuries inclusive of recurrent leg infections incurred as result of sitting up thru nites weeks at a time.

19. These filings do fall within First Amendment Parameters for protection.

20. Alden respectfully states that on 12/26/19, the Regional Offices posted the tort claim papers to be returned to USP Terre Haute.

21. Alden was removed from Challenge Program on 1/2/20, when Alden asked Challenge staff reason for removal, the response was "you refuse to accept cellmates" which is not true, when I attempted to explain that the D.C. Muslim murder investigations did not sit well with the cellie', that became the basis of the #205 disciplinary report.

22. Challenge Staff, had moved me back to cell-block F-1 via assignment sheet cell 114 Lower, I was removed from Challenge Based upon disability that I cannot willingly go to sleep in cell with anyone present is a matter of mental impairment documented within medical records.

23. That I have suffered recurrent violent panic attack episodes has also been documented this is a result of double celling.

3

24. To date Alden, has spent 242 days in segregation unit no legal files belonging to Alden, have yet been recovered.

25. Inasmuch as the tort claims are ripe for litigation, the absence of all pertinent records establishing a prima facie case for Alden, obviously this is an aid to defendants.

26. The provisions of the Rehabilitation Act do apply to the BOP. Moreover, Alden's impairment and subsequent disability is clearly established by express statutory language and verified by diagnosis, treatment and patient's history.

I, Terrance Alden, do hereby CERTIFY and DECLARE:

that all of the foregoing statements made by me are true and correct to the best of my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false I am subject to the penalty for perjury pursuant to (28 U.S.C. §1746).

Date: 9/2/20                    BY: Terrance Alden
                                     Terrance Alden

4

## CERTIFICATE OF SERVICE

I, Terrance Alden, do hereby Certify and Attest: that a true and correct copy of the foregoing has been served on:
AFFIDAVIT IN SUPPORT OF TORT CLAIM PETITION §1346(b) and MOTION FOR ENLARGEMENT OF TIME FED. R. CIV. P. 6 (b).

I respectfully declare that I have delivered this copy to prison mails Legal Mail CERTIFIED No. # 7006 2150 0003 0376 4082 in accord with provisions mandated in Houston v Lack, 487 US 266, 270 (1988) it is deemed filed when delivered to prison mails. [Postage prepaid]

I have enclosed one hand scribed copy for the CLERK of the U.S. DISTRICT COURT, for the Southern District of Indiana, in order to provide the District Court with copy as needed. Further one copy enclosed for distribution by the clerk to office of U.S. Attorney, for the Southern District of Indiana.

CLERK OF U.S. DISTRICT COURT
105 U.S. COURTHOUSE
46 EAST OHIO ST.
Indianapolis, IN 46204

I, Terrance Alden, do hereby CERTIFY and ATTEST: that all of the foregoing statements made by me are true and correct to the best of my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to the penalty for perjury pursuant to (28 U.S.C. §1746).

Date: 9/2/20

BY Terrance Alden

CERTIFICATION

I, Terrance Alden, do HEREBY CERTIFY and DECLARE;
   Terrance Alden

that all of the foregoing statements made by me are true and correct to the best of my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false I am subject to the penalty for perjury pursuant to (28 U.S.C. § 1746).

Date: 9/2/20              BY: Terrance Alden
                              Terrance Alden