UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TERRANCE ALDEN,                            )
                                           )
                   Plaintiff,              )
                                           )
         v.                                )        No. 2:20-cv-00479-JPH-DLP
                                           )
FEDERAL BUREAU OF PRISONS,                 )
                                           )
                   Defendant.              )

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Terrance Alden, an inmate of the Federal Bureau of Prisons ("BOP") at the United

States Penitentiary McCreary, brings this action alleging that his civil rights were violated while

he was incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute").

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an

obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of

the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive

dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Alden sues the BOP. He alleges that he suffers from a condition which makes him unable to sleep if he is celled with another inmate. Therefore, according to Mr. Alden, when he was housed at USP Terre Haute with a cellmate, he passed out several times due to sleep deprivation, injuring himself. Mr. Alden asserts that the actions of prison officials were negligent and violated the Rehabilitation Act. Finally, Mr. Alden alleges that prison officials retaliated against him for filing a Tort Claims Notice regarding these allegations.

Based on the screening standard set forth above, Mr. Alden's claim that prison officials were negligent, and their negligence caused him injury **shall proceed** under the Federal Tort Claims Act. Because the only proper defendant in an action pursuant to the FTCA is the United States itself, *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008), the clerk will be directed to add the United States as a defendant.

Mr. Alden's Rehabilitation Act claim **shall proceed** against the Bureau of Prisons.

Any retaliation claim is **dismissed** because the defendant agency is not a proper defendant in a *Bivens* action. *See Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 484 (1994).

This summary of claims includes all of the viable claims identified by the Court. If Mr. Alden believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 15, 2021**, in which to identify those claims.

## III. Conclusion and Service of Process

The **clerk shall add the United States** as defendant on the docket.

2

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants.

The Marshal for this District or his Deputy shall serve the summons, together with a copy of the

complaint, dkt. [1], and a copy of this Entry, on the defendants and on the officials designated

pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**SO ORDERED.**

Date: 12/16/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE ALDEN
02595-135
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

United States Marshal

3