IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

3:CV05-1083

TERRANCE K. ALDEN
        PLAINTIFF

   versus

JOESPH V. SMITH, WARDEN
   and
CATHY EY, COUNSELOR
        DEFENDANTS

CASE NO.

COMPLAINT

### A. PARTIES

1. Plaintiff, Terrance K. Alden, is a U.S. citizen. Currently detained at U.S.P. Lewisburg, P.O. Box 1000, Lewisburg, PA 17837.

2. Defendants Joesph V. Smith, Warden, and Cathy Ey, Counselor, in their official capacities at U.S.P. Lewisburg. May be served by delivering a copy of the summons and complaint to the U.S. Attorney for the Middle District of Pennsylvania. [Fed.R.Civ. P.4(i)(1)].

3. Plaintiff requests a jury trial on his claim of deliberate indifference. [Fed.T.Civ.P.38(a)]

### B. JURISDICTION

4. The court has original and supplemental jurisdiction over this suit pursuant to 28 U.S.C. § 1331, § 1346(b)(1) and § 1367. The plaintiff further advances the Federal Tort Claims Act pursuant to 28 U.S.C. §§ 2671-80.

This action is for money damages and declaratory relief for personal injury as a proximate cause of the negligent acts / or omissions of employees of the U.S. Government. As well as the acts of reckless disregard to plaintiff's safety and the deliberate indifference to the plaintiff's serious medical needs.

## C. STANDING

5. Plaintiff has suffered injuries and continues to suffer in fact by the negligent acts of the defendants. Moreover, Smith and Ey the defendants, have acted and continue to act with reckless disregard of the plaintiff's safety as well as with deliberate indifference to the plaintiff's serious medical needs. These acts by defendants are in violation of the Eighth Amendment and the guarantees of the Due Process Clause of the Fourteenth Amendment.

6. The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-80 and Bivens v Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 US 388 (1971), provides the plaintiff with a private right of action.

## D. CONDITIONS PRECEDENT

7. Plaintiff timely presented these claims in writng to the Chief Executive Officer of U.S.P. Lewisburg, the Northeast Regional Counsel, in PA, and the General Counsel, in Washington D.C.. The suit is filed within six months of the agency's final written notice. 28 U.S.C. § 2675(a).
[See 2(a) profile claims advanced to B.O.P.]

2

USA001160

Counselor/housing assignment officer, Cathy Ey, for Unit 1, on or about (12/13/04), acting under the color of law in her official capacity arbitrarily disregarded the medically restricted housing order issued to Terrance K. Alden #02595-135. The order was issued on (12/22/99), a result the treating physician's diagnosis of a recurrent serious medical need. Counselor Ey, has deliberately and intentionally interfered with prescribed medical treatment. The prisoner Alden, is receiving no treatment for a chronic serious medical need, while serving a life sentence, the immediate sustained sleep deprivation, and recurrent physical pain and injury resultant of the diagnosed medical need are evidence of irreparable harm to prisoner Alden, in violation of the 8th Amendment. Counselor Ey, has intentionally deprived prisoner Alden, of a property interest protected by the Due Process Clause of the 14th Amendment. Furthermore, with random selection to fill bed space, Ey has breached the duty requirement of preserving the safety of all prisoners in her charge. NOTICE to Chief Executive Officer of U.S.P. Lewisburg, **corrective inaction, amounts to deliberate indifference to or the tacit authorization of violative practices by staff.** Moreover, double celling at minus sixty square feet in a cell is contrary to the standards required by C.F.R. and A.C.A.

USA001161

E. FACTS

8. The plaintiff was released from segregation unit, post transfer to U.S.P. Lewisburg, in mid-September of 1999.

9. The plaintiff was housed with a cellmate in B-cellhouse the person of Barry Antell.

10. Sometime in late September of 99, the plaintiff sought medical attention for what seemed to have been at least two heart-attacks suffered in the early morning hours.

11. In the course of the next sixty days the plaintiff suffered numerous recurrent attacks, which all seemed to be heart related, however, medical staff suggested that the disorder should be treated as panic attack.

12. The plaintiff then began to see a staff psychologist, as well as a psychiatrist via (tela-med), the plaintiff was issued at least three prescriptions for psychoactive drugs, as well as medications to induce sleep.

13. The plaintiff despite all the combined efforts at treatment suffered at least a dozen episodes of panic attacks, as well as the intense physical pain in the aftermath of each attack.

14. The plaintiff continued to suffer from sleep deprivation despite the sleep medications, the plaintiff was not able to get more than ten minutes of continous sleep without waking during that period .

15. The plaintiff in December of 1999, was treated by the Clinical Director, Anthony Bussanich, M.D., for the panic attacks.

USA001162

16. On December 22, 2004, Dr Bussanich, **diagnosed** the recurrent panic attacks and sleep deprivation, as post-traumatic stress disorder. The physician issued an order for **medically restricted housing,** [single cell] in order to treat the plaintiff's **serious medical needs.**

17. The plaintiff submits that the prescribed treatment method of **restricted housing,** had been completely effective for five years in the elimination of symptoms of the chronic condition. This does include sleep deprivation and the severe physical pain which arrives post-panic attack.

18. The defendants Smith and Ey, in their official capacities under the color of law have acted **intentionally** and **deliberately** to deprive the plaintiff of **previously prescribed medical treatment,** the [restricted housing order]. The plaintiff further submits that in accordance with the facts of this case the **restricted housing** is vested by the Eighth Amendment and thus a **property interest,** which the defendants Smith and Ey, have **interfered** with in **conscious disregard** of the plaintiff's substantive due process rights. Moreover, as a proximate cause of the defendants intentional violations of the plaintiff's Eighth Amendment and due process rights, the plaintiff has suffered immediate severe physical injuries to his person. The extent of these injuries is yet undetermined however, **invasive surgery** will be required to repair the injuries. The plaintiff has sufferd the pain attendant to these injuries and continues to suffer the pain to date.

USA001163

## F. Count 1 Federal Tort Claims Act

19. The defendant Ey, by reckless acts and deliberate omissions failed the duty of care to all concerned parties (potential cellmates), as well as the plaintiff. The health and safety of all concerned parties was jeopardized with the reckless disregard of the plaintiff's medically restricted housing order. Moreover, defendant Ey's decision was deliberate without notice or hearing related to intended action by the defendant.

## G. Count 2 Eighth Amendment Violations

20. Defendants Ey and Smith have acted intentionally with deliberate indifference towards the plaintiff's serious medical need.

## H. Damages

21. As a proximate cause of the defendants negligence and deliberate indifference, the plaintiff has suffered the following injuries: (a) The plaintiff has suffered and continues to suffer the recurrent pain and mental anguish attendant to panic attacks. Moreover, the physical pain suffered by the plaintiff post/panic attack is characterized by severe muscle spasms deep back and chest inclusive of the heart. (b). The plaintiff has suffered and continues to suffer the torture of sleep deprivation, the plaintiff has not had a sustained sleep-state for longer than ten consecutive minutes since December 13, 2004, [**with exception of 1/5/05 thru 1/9/05**], to date 3/28/05, the plaintiff has suffered this for more than sixty consecutive days.

USA001164

(c) The plaintiff has suffered the immediate pain and continues to suffer the acute abdominal pain associated with a tear in the tissues of the abdominal wall.

(d) The plaintiff is further subjected to the anxiety and depression attendant to concerns over any unintentional violent injury caused by the plaintiff when in the grip of panic attack, upon the person sharing the cell. The plaintiff could be exposed to civil liability or criminal liability, when the B.O.P. attempts to deny any claims of civil liability to the victim or his estate.

### I. PRAYER

22. For these reasons plaintiff asks for the following:

A. Actual damages of 10,000 for the plaintiff's claim of negligence.

B. Actual damages of 10,000 for the plaintiff's claim of deliberate indifference.

C. Punitive damages in the amount of 10,000 for the plaintiff's claim of deliberate indifference.

D. **INJUNCTIVE relief.**

E. Costs of suit

F. All other relief that the Court deems appropriate.

DATED: 3/28/05 ,2005

Respectfully submitted,

*Terrance K. Alden*
Terrance K. Alden

6-

USA001165

CERTIFICATION

I, *Terrance K. Alden*, certify and swear that the foregoing
Terrance K. Alden

statements made by me are true and correct to the best of my

knowledge and belief. I am aware that if any of the foregoing

statements made by me are willfully false, I am subject to

the penalty for perjury under 28 U.S.C. § 1746 .

I, *Terrance K. Alden*, declare and certify under the penalty
Terrance K. Alden

of perjury [ 28 U.S.C. §1746 ], that the foregoing is true

and correct. Executed On: 3/28/05

USA001166

# CERTIFICATE OF SERVICE

I, _Terrance K. Alden_, hereby certify that I have served a true and correct copy of the foregoing:

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __3/28__ day of __/05__,

Respectfully Submitted,

_Terrance K. Alden_
Terrance K. Alden

REG. NO. _02595-135_

USA001167

CERTIFICATION

I, ___Terrance K. Alden___, of full age, hereby **CERTIFY**:
Terrance K. Alden

1. In September of 1999, while housed in B-cellhouse, I experienced two episodes of pronounced chest pain accompanied by shortness of breath and a racing heart rate. I assumed the cause of the pain was from heart related problems. Moreover, I had not been able to sleep for days at that point.

2. I reported the symptoms to medical staff and was examined, in the course of repeated examinations for the recurrent symptoms medical staff suggested panic attack could be the problem.

3. With the information provided by medical staff I did seek treatment from psychology services.

4. I met with a psychologist and a via (tel-med) a psychiatrist as well the treatment program included three different psycho-active prescriptions and two separate prescriptions to induce sleep. The effects of the drugs were increased paranoia and I became more agitated, when locked in the cell at nite, sleep did not occur.

5. The drugs had no positive effects on the condition in the course of sixty days the anxiety levels elevated and I was given to spell of intense anger which directly effected the person who was housed with me at that time Barry Antell.

6. It should be noted the medications prescribed by the psychology services department were increased in dosage three times.

USA001168

7. On December 2, 1999, I was examined and treated by the Clinical Director, Anthony Bussanich, M.D., who upon evaluation of the medical records and examination decided to treat the recurrent panic attacks and sleep deprivation as post-traumatic stress disorder.

8. On December 22, 1999, upon the third examination post-panic attack the physician treating the serious medical need prescribed treatment for Terrance Alden, #02595-135, as medically restricted housing. Thereby eliminating the stressor which was the catalyst in precipitating the panic attacks. Moreover, removal of the stressor eliminated the sleep deprivation.

9. The prescribed treatment for this serious medical need was successful for five years without incident or any of the pain and suffering caused by the condition.

10. On December 13, 2004, the first person I was to be celled with in five years arrived at the cell, the person was Edwin Mercado. Cathy Ey, counselor/housing assignment officer, for unit 1, was responsible for the arbitrary acts which disregarded and overruled the medically restricted housing order, issued in my name and registration number by the physician treating a serious medical need.

11. Cathy Ey's decision to disregard the medically restricted housing order assigned to Terrance Alden, was made for non-medical reasons. Cathy Ey, failed to provide notice of intention to discontinue treatment and failed to provide a reasoned rationale for disregarding uncontroverted medical evidence of need for treatment.

USA001169

12. Cathy Ey's arbitrary exercise of power is evidenced with the number of cells in the prison and in particular unit 1, which have remained single cells from December 13, 2004, to date 3/28/05. Furthermore, the number of these cells should be reviewed on a basis of seniority, as well as considering the immediate adverse medical effects or demonstrable physical injury as result of denial of prescribed treatment.

13. On January 5, 2005, Mr Mercado, moved from cell 310 to a location down range.

14. On January 10, 2005, Matthew Pardee, was assigned to cell 310, by the housing assignment officer/counselor, Cathy Ey.

15. On February 4, 2005, at approximately 2:00 A.M., while I was in the grip of a full blown panic attack, for an unknown reason I leapt to the throat of Mr Pardee, and was in the process of strangling him when I did recover time and lucidity. I put him down and did what I could to assist his recovery. Mr Pardee, stated he reached for the light cord to turn the light on, I submit the extremely close proximity of the cord to my physical person this could have been the reaction of the panic attack syndrome.

16. The duration of the assault was only seconds as related by Mr Pardee, I do not possess any independent memory prior to finding myself strangling Mr Pardee at arms length pushed up eight to ten inches off the floor in the corner.

17. I hereby declare and certify that I never formed any intent to assault or attack Mr Pardee.

USA001170

18. I specifically requested and urged Mr Pardee, to remain silent about the events of the morning of February 4, 2005. Simply stated any discussion of an assault would have resulted in an immediate lock-up order for investigation of acts which I did not knowingly or intentionally carry-out. Furthermore, Mr Pardee, having been the witness was fully aware that I was not cognizant of the events until the very end, of occurrence.

19. The assault on (2/4/05), did indeed occur and it was extremely serious and dangerous to the physical health and well being of Mr Pardee. The causation is a medically diagnosed chronic condition I suffer which had been successfully treated for five years by application of medically restricted housing. Mr Pardee's proximity during my panic attack exposed him to the brutal assault.

20. I would further submit that as a proximate cause of the recurrent panic attacks suffered between December 13, 2004, and March 24, 2005, I have sustained serious injury to my abdominal wall. The extent of the injury to date 3/28/05, has not been determined by a physician, however, that a surgical repair is needed would be clear and obvious to any lay-person who viewed the area of this injury. The pain is constant and at times severe, this injury appears to change in shape when the pain is extreme.

21. I have suffered the effects of sleep deprivation since December 13, 2004, to date 3/28/05, with the exception of (1/5/05 thru 1/9/05). I have not slept for more than ten consecutive minutes for more than sixty days this is torture and exhaustion.

USA001171

22. The mental anguish and pain attendant to sleep deprivation and panic attacks is overwhelming.

23. Inasmuch as I am serving a one hundred and forty year sentence it is a life sentence. Ms. Ey has for non-medical reasons eliminated the only effective treatment of the condition thus rendering the condition irreparable and the harm irreparable as a consequence.

24. I now face the probability of criminal and civil liability as a result of the diagnosed medical disorder which I am afflicted with. The panic attacks will not abate, serious assault has already occurred on (2/4/05, yet unreported). The next incident of assault may result in an injury so critical as to inspire the B.O.P. to initiate criminal charges. That action could assign blame to this writer, and thereby head off civil litigation by the victim or the family of the victim.

25. It should be noted that Mr Pardee, [the cellmate], has advanced an administrative remedy for immediate removal from the cell. The response from staff indicated that if he believed his safety was in jeopardy then he could be housed in protective custody. Investigation would follow and my placement in segregation unit a matter of course, thus Mr Pardee, would be labeled on all prison compounds a stoolpigeon.

26. Staff response to protected activity (administrative remedies in this case), implies retaliation for continued filing in this matter.

**[Please see attached documents as exhibits]**

USA001172

27. To date 3/28/05, Mr Pardee, has witnessed by his account seven incidents of what Mr Pardee, characterized as aggressive panic attack episodes.

The following dates (1/13/05; 2/4/05; 2/13/05; 3/1/05; 3/12/05; 3/19/05; 3/24/05), reflect the most aggressive incidents as witnessed by Mr Pardee.

I, *Terrance K. Alden*, declare and certify under the penalty of
    Terrance K. Alden
perjury [28 U.S.C. § 1746], that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 3/28/05,

BY: *Terrance K Alden*
    Terrance K. Alden

USA001173

## CERTIFICATION

I, _Terrance K. Alden_, certify and swear that the foregoing statements made by me are true and correct to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to the penalty for perjury under 28 U.S.C. § 1746 .

I, _Terrance K. Alden_, declare and certify under the penalty of perjury [ 28 U.S.C. §1746 ], that the foregoing is true and correct.  Executed On: _3/28/05_

USA001174

# CERTIFICATE OF SERVICE

I, _Terrance K. Alden_, hereby certify that I have served a true and correct copy of the foregoing:

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _3/28_ day of _/05_,

Respectfully Submitted,

_Terrance K. Alden_
Terrance K. Alden

REG. NO. _02595-135_

USA001175