**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

(1) Terrance K. Alden #02595-135
  (Name of Plaintiff)   (Inmate Number)

_____
  (Address)

(2) _____
  (Name of Plaintiff)   (Inmate Number)

3: CV-05-1735
  (Case Number)

_____
  (Address)

(Judge Kosik)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

CIVIL COMPLAINT

(1) Joseph V. Smith, Warden
(2) Cathy Ey, Counselor
(3) Raymon Hockman Lt. SIA
  (Names of Defendants)

FILED
SCRANTON

DEC - 5 2005

PER _____ /s/ _____
     DEPUTY CLERK

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER: ____ 42 U.S.C. § 1983 - STATE OFFICIALS
                    ✓ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

### I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

U.S.P. Marion 1982 (Sept.) before magistrate effected release from segregation unit. Have no paper no records.

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? 4/12/05, informal resolution (BP9#374684 filed 4/21/05) (BP#10-374684 -- 05/05/05) (BP11#374684 06/29/05)

2. What was the result? denied across board 07/14/05 (BP11#374684 A1) BP#384048 denied across board 08/09/05

D. If your answer to "B" is No, explain why not: _____

## III. DEFENDANTS

(1) Name of first defendant: Joseph V. Smith
Employed as Warden at U.S.P. Lewisburg
Mailing address: P.O. Box 1000 USP Lewisburg, PA 17837
(2) Name of second defendant: Cathy Ey
Employed as Counselor at USP Lewisburg
Mailing address: PO Box 1000 USP Lewisburg, PA 17837
(3) Name of third defendant: Raymon Hockman
Employed as Lt. SIA at USP Lewisburg
Mailing address: PO Box 1000 USP Lewisburg, PA 17837

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. On (12/13/04) defendant Cathy Ey, by assignment of cell partner to plaintiff intentionally interfered with treatment prescribed by physician the diagnosis and treatment originally ordered (12/2/05). The medical order had not expired

2

the name and registration number are clear in accord with BOP medical policy.

2. The plaintiff filed original administrative remedies on (12/18/04 and 01/02/05), the defendants failed to address the BP 8# or BP#9 the plaintiff suffered as a result of defendants failure to adhere to regulations promulgated for guidance and benefit of the plaintiff.

3. Defendants Smith and Hicks by tacit authorization of renovations/alteration of buildings with wall surfaces layered in deteriorating lead-based paint did disregard excessive risk to the immediate and future health of plaintiff by exposure to and required clean-up of lead contaminated dust absent equip.

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. Plaintiff requests referral for complete medical evaluation, to determine extent of consequential injuries to plaintiff resultant of recurrent panic attacks and exposure to lead contaminated dust. Plaintiff requests complete psychiatric evaluation and Temporary Restraining Order to prevent further injury. (order single cell housing plaintiff).

2. Plaintiff requests $20,000.00 dollars compensatory damages if the hernia type injury in fact requires surgical repair. Plaintiff requests punitive damages at $1,000.00 dollars per day from 12/13/04 thru 01/05/05, against defendants Smith and Ey, for acts and omissions to act.

3. Plaintiff requests $500.00 dollars per day from 05/24/05 as long as plaintiff remains housed in SHU without cause. punitive damages against defendants Hoekman, Heath, and Smith to date

3

Claim for injury to heart or nerves not available until Med. Eval.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 30th day of November 2005, 19___.

Terrance K. Alden
(Signature of Plaintiff)

4

(One)

1  The terms of plaintiff's medical order was sufficiently clear that
2  defendant Smith understood controlling pre-existing law which Ey's acts
3  had disregarded Smith failed to take corrective action. The defendant
4  Karpen has neither interviewed the plaintiff nor even spoken at
5  length to plaintiff. Defendant Karpen provided the defendants with
6  a subjective evaluation of the plaintiff based upon the notes of
7  former staff psychologist who met with plaintiff less than a dozen times.
8  The acts of defendants to date have resulted in recurrent exposure
9  of the plaintiff to unsafe situations ending with injury of the
10 Plaintiff or injury to another prisoner (three cases documented).
11 Begin with (12/13/04 thru 01/05/05), the plaintiff was housed with Edwin
12 Mercado, the plaintiff endured effects of sleep deprivation coupled
13 with physical pain related to post panic attack. On (02/04/05), the
14 plaintiff during a panic attack episode did strangle Matt Pardee
15 #80373-038, former cell partner. The panic episode was life
16 threatening by Pardee's account (see Exhibit C). The plaintiff in the
17 course of that panic attack sustained a hernia type injury.
18 On (09/03/05), the plaintiff was housed in SHU with James Robertson
19 #09733-039, the plaintiff suffered a panic episode and Mr Robertson
20 was attacked from behind and thrown into shower stall. (See Exhibit D)
21 Mr Robertson sustained injuries to his neck and back a civil claim filed.
22 On (10/23/05), the plaintiff again suffered a panic episode while
23 housed with Talbot Curtin #02077-049, due to one of the injuries incurred
24 by Mr Curtin, the plaintiff's shoulders and back were covered with Mr Curtin's
25 blood, which is infected with hepatitis "C". The plaintiff is awaiting
26 lab results to determine if he has now contracted hepatitis "C".
27 The plaintiff submits that the recurrent nature of the malady makes
28 an imminent threat of serious injury to plaintiff likely.

(Two)

1. The defendants refusal to respond to original filings chilled plaintiff's
2. use of remedies for 70 days, combined with 36 days below Plaintiff's
3. access to Courts was stayed 106 days twice within that period
4. the plaintiff was exposed to potential for serious injury.
5. On (04/21/05), the plaintiff filed Bp9# administrative remedy with
6. notice attached that failure to address remedy would be a cause of action.
7. On (05/03/05), as a result of defendants failure to timely provide
8. notice of receipt of Bp#9, plaintiff mailed notice of exploited delay
9. of administrative remedies to National Counsel and Regional Counsel for
10. B.O.P., the U.S. Attorney in Harrisburg and the Clerk of U.S. District
11. Court in Williamsport. The plaintiff on (05/05/05) filed Bp10#374684
12. to regional office of B.O.P. the response was returned on (05/23/05).
13. The plaintiff was removed from general population on (05/24/05), the
14. lock-up order originated from defendants Lt. R. Hockman, S.I.A.,
15. Lt. S.V. Heath, S.I.S.. (a) The lock-up occurred 16 hours after plaintiff's
16. receipt of Bp10#374684-R-1. (b) The plaintiff was placed on disciplinary
17. segregation range for 42 days without cause (contrary to policy).
18. (c) The plaintiff was placed on Lieutenant's hold for approximately
19. 90 days without cause. (d) The plaintiff received a limited property
20. draw after 21 days in segregation normal time (3 to 7 days).
21. (e) Lt. S.V. Heath, S.I.S. returned plaintiff's legal files with pending
22. civil action after 36 day delay, missing typed verison of Bpu#374684.
23. (f) On (07/07/05), Lt. S.V. Heath, SIS issued disciplinary report#1358741,
24. against the plaintiff based upon plaintiff's lawsuit declarations.
25. (g) On (07/12/05), Cathy Ey, Counselor acted as chairperson for U.D.C.
26. upon hearing d/s report#1358741, recommended maximum sanctions.
27. The foregoing reasons suggest lock-up was substantially motivated
28. by the plaintiff's exercise of right to file administrative remedies.

(Three)

1. During Feb./Mar. of 2005, the plaintiff and all persons in B-cellblock
2. were exposed to toxic levels of lead contaminated dust as a result
3. of hammer/drilling of ½" holes into wall surfaces in cells layered
4. with deteriorating lead-based paint. The renovations/alterations were
5. conducted absent any of the mandated protections for people or
6. environment when disturbing deteriorating lead-based paint. Defendants
7. Smith and Hicks intentionally disregarded excessive risk to plaintiff's
8. health and safety, moreover both defendants had reason to know
9. the facts and regulations related to protection and safety of all
10. persons who would be exposed to lead contaminated dust. Defendants
11. Smith and Hicks acted with reckless indifference to the plight
12. of the plaintiff and other prisoners who had to clean up
13. piles of lead contaminated dust with push brooms.
14.     The defendant Smith did deliberately house the plaintiff with
15. a cell partner in a cell which is less than 60 sq.ft. in area there
16. is less than 28 sq.ft. of usable floor space for two persons to share for
17. a minimum average of 9-10 hours per day (more time with lock-downs).
18. No mechanical air handlers have ever been installed, thus there
19. is no ventilation in cells which is immediately evidenced by
20. the continuous odors, stuffy air and spread of disease such
21. as flu in epidemic proportions. In 1997 steelplates were bolted
22. to lead based paint surfaces, the plates have holes drilled in them
23. which reduces possible airflow into cell by 67% of original design
24. of the window. Moreover, the defendant has failed to remove
25. the steel plates from windows which have been identified as a
26. fire hazard related to smoke containment in the buildings.
27. Plumbing is so antiquated that shower rooms and cells are flooded
28. with feces on a regular basis.

(Defendants)

4. Susan V. Heath,
   Lt. S.I.S. at U.S.P. Lewisburg
   Po Box 1000 USP. Lewisburg, PA 17837

5. Ron Hicks
   Safety MGR. at U.S.P. Lewisburg
   P.O. Box 1000 USP Lewisburg, PA 17837

6. Lawrence S. Karpen at USP Lewisburg
   Psychologist
   P.O. Box 1000 USP Lewisburg, PA 17837