TAM:JJC:all

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE K. ALDEN,** | : | **CIVIL NO. 3:CV-05-1735** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Kosik, J.)** |
| | : | |
| **JOSEPH V. SMITH, et al.** | : | |
| **Defendants** | : | **Filed Electronically** |

# BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COME Defendants, by and through their counsel, Thomas A. Marino, United States Attorney, and Jennifer J. Clark, Assistant U.S. Attorney, who submit this brief in opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. In support thereof, Defendants state the following:

## I. **Introduction**

Plaintiff, Terrance K. Alden, is a federal prisoner incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg). Alden's Complaint names as Defendants Joseph V. Smith, Warden of USP Lewisburg; and Cathy Ey,

USA001231

Counselor. Because the United States Attorney's Office has not yet received authorization from the Department of Justice to represent the individual defendants, in light of the immediate nature of Alden's injunctive pleading, and because Alden seeks to have the BOP act in a particular manner regarding the allegations in his motion for a temporary restraining order and preliminary injunction, this response is submitted on behalf of the United States.[1]

## II. Procedural History

On or about August 25, 2005, Alden filed his Complaint pursuant to Bivens[2] and the Federal Tort Claims Act.[3] Alden's complaint alleges that Defendants were negligent and deliberately indifferent to his serious medical needs when they placed him in a cell with a cellmate, allegedly disregarding a medical restriction housing

---

[1] Presently, Defendants are in the process of obtaining approval for representation by the United States Attorney's Office as set forth in 28 C.F.R. § 50.15, et seq. If and when representation is authorized by the Civil Division, the United States Attorney's Office may undertake a full and traditional attorney-client relationship with the employees and will prepare and submit an appropriate response to the Complaint on their behalf in a time and manner consistent with the Federal Rules of Civil Procedure.

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq.

USA001232

order. Alden also appears to complain about double-bunking in general, and alterations to prison cells which reduced the amount of floor space and caused prisoners to be exposed to lead-based paint dust. Also on August 25, 2005, Alden filed a motion for a temporary restraining order and preliminary injunction and a brief in support of his motion. Defendants were served by United States mail with the Complaint, as well as Alden's motion for a temporary restraining order and preliminary injunction and brief on September 9, 2005. The United States Attorney's Office was served on September 14, 2005.

Alden's motion for a temporary restraining order and preliminary injunction seeks an order "restraining the defendants or their agents from destroying or modifying the medical records of the plaintiff. Additionally to restore the plaintiff to medically restricted quarters, as prescribed by physician treating a serious medical need. Further review the plaintiff's condition for surgical repair via second opinion from outside doctor." Doc. 5 at 3.

## II. Statement of Facts

Dr. Anthony J. Bussanich is Clinical Director at USP Lewisburg. Ex.1 at 1. Dr. Bussanich reviewed Alden's medical records with regard to Alden's claim that he is currently suffering from panic attacks and sleep deprivation, and that he requires surgery to repair a tear in his abdominal wall. Id. at 1-2.

3

USA001233

Contrary to Alden's assertions, he does **not** have a single cell assignment, nor is there any evidence that he has requested to be examined by Health Services personnel for such an assignment since his one-year single cell assignment expired. Id. at 6. Further, there is no evidence in Alden's medical records that he is suffering from "acute abdominal pain associated with a tear in the tissues of the abdominal wall," or that he has sought treatment for such an injury. Id.

Similarly, with the exception of complaints and treatment for lower back pain (November 2004), there is no evidence that Alden has sought assistance from Health Services staff for "severe muscle spasms deep back and chest inclusive of the heart" or severe "sleep deprivation." Id. Dr. Bussanich concludes that Alden has received appropriate medical care for his complaints, and Health Services staff are available at the institution to provide further treatment for Alden as requested and medically indicated. Id.

Dr. Lawrence S. Karpen is Chief of Psychology Services at USP Lewisburg. Ex.2 at 1. Dr. Karpen reviewed Alden's psychological records with regard the claims he raises in his motion for a preliminary injunction and temporary restraining order. Id. at 1-2. This review revealed that from May, 2001 to the present, Alden has neither requested nor demonstrated the need for psychological intervention, including

4

USA001234

distress stemming from anxiety, depression or insomnia.  <u>Id.</u> at 3.  Alden has not been

prescribed any medication for any mental health issues for over four years.  <u>Id.</u>

Contrary to Alden's claims, there is no record that he has ever been diagnosed

by psychology services staff as suffering from "post-traumatic stress disorder," nor

have these staff members ever issued a single cell assignment slip to Alden.  <u>Id.</u>

Alden's assertion that he suffers from panic attacks only when he has a cell mate is

inconsistent with the nature of a panic disorder.  <u>Id.</u>  An individual who suffers from

a panic disorder is likely to have panic attacks at any time, often unexpectedly,

including when alone.  <u>Id.</u> at 3-4.  In addition, panic attacks do not result in a loss of

volition (free will) which would enable someone to commit a violent act without self-

control.  <u>Id.</u> at 4.

Dr. Karpen concludes that Alden has received appropriate mental health care

for his complaints, and Psychology Services staff are available at the institution to

provide further treatment for the Plaintiff as requested and medically indicated.  <u>Id.</u>

### III.  <u>Question Presented</u>

Should the Motion for a temporary restraining order and preliminary injunction
be dismissed because Alden is unable to satisfy the requisites for granting a
preliminary injunction and temporary restraining order?

Suggested answer in the affirmative.

5

# IV.  Argument

Before the Court may issue a preliminary injunction, it must find that:  (1) the plaintiff has made a strong showing that he is likely to prevail on the merits; (2) the plaintiff will be irreparably harmed unless the application is granted; (3) granting the injunction will not substantially harm other parties interested in the proceeding more than the plaintiff; and (4) granting the injunction will not adversely affect the public interest.  See S & R Corp. v. Jiffy Lube Intern., Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197-98 (3d Cir. 1990)); Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989); Northern Penna. Legal Services, Inc. v. County of Lackawanna, 513 F. Supp. 678, 681 (M.D. Pa., 1981)(Nealon, C.J.).  If the plaintiff cannot establish each of the above-mentioned elements, a preliminary injunction may not issue.  See e.g., Skehan v. Board of Trustees, 353 F. Supp. 542, 543 (M.D. Pa., 1973) (Muir, J.).

Additionally, because a preliminary injunction is an extraordinary equitable action, all of the equitable defenses apply.  Cf. United States Steel Corp. v. Fraternal Assoc. of Steelhaulers, 431 F.2d 1046 (3rd Cir. 1970).  Importantly, because a temporary restraining order is an extraordinary and drastic remedy, it should not be granted unless the plaintiff, by a clear showing, carries his heavy burden of persuading the Court on each of the above grounds and equities.  See e.g., Wright &

6

USA001236

Miller, Fed. Prac. & Proced. Civ. 2d § 2948 at 428-29 (1973).  Furthermore, a preliminary injunction is generally <u>only</u> granted to preserve the status quo, not to alter the status quo.  <u>See</u> <u>Sovereign Order v. Messineo</u>, 572 F. Supp. 983 (E.D. Pa. 1983)(Huyett, J.).  <u>See generally</u>, <u>Wright & Miller</u>, <u>supra</u>, at §2948.

Defendants submit that Alden has not met his burden of satisfying, by a strong showing, the four-factor test set forth by the Third Circuit.  Specifically, Alden fails to demonstrate that he will suffer any irreparable harm if the injunction is not granted, nor has he established that any harm outweighs any injury done to Defendants by the granting of the injunction.  Indeed, Defendants have demonstrated that Alden is not currently being deprived of appropriate medical and psychological care and that he is not in need of the relief he seeks.

Alden also fails to provide any evidence that the public interest weighs in favor of granting his motion.  Finally, Alden fails to make a strong showing that he will prevail on the merits of his claims.  Alden simply reiterates several of the allegations in his Complaint.

Because Alden's requests for injunctive relief are the same as those listed in the Complaint, Defendants will be specifically addressing those requests in their impending dispositive motion and supporting brief.  Because an answer or a dispositive motion has not yet been filed in this action, Alden's motion is premature.

USA001237

The Court has not had an opportunity to consider any answer or dispositive motion which would raise applicable defenses such as respondeat superior, failure to state a claim and failure to exhaust available administrative remedies. Without having reached the merits of this action, the Court should not grant a preliminary injunction which would provide Alden the same relief he requests in his Complaint.

In sum, Alden fails to meet the requisite showing that would permit the Court to grant his motion for a temporary restraining order and preliminary injunction. In addition, Alden's motion is premature in that he requests the same relief requested in his Complaint, and the Court has not yet had an opportunity to consider any of the applicable defenses. Finally, Defendants have provided evidence to show that Alden is not being deprived of medical or psychological treatment and that there is no medical or psychological need for the relief he seeks in his motion. Accordingly, Alden's motion for a temporary restraining order and preliminary injunction should be denied.

USA001238

## V. **Conclusion**

For the reasons stated above, the motion for preliminary injunction and temporary restraining order should be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

/s Jennifer J. Clark
JENNIFER J. CLARK
Assistant U.S. Attorney
Atty. I.D. No. 82294
United States Attorney's Office
235 North Washington Avenue
P.O. Box 309
Scranton, PA 18501-0309
Telephone: (570)348-2800
Facsimile: (570)348-2816

Dated: September 29, 2005

USA001239

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE K. ALDEN,** | : | **CIVIL NO. 3:CV-05-1735** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Kosik, J.)** |
| | : | |
| **JOSEPH V. SMITH, et al.** | : | |
| **Defendants** | : | **Filed Electronically** |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 29, 2005, she served a copy of the attached

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER <u>AND PRELIMINARY INJUNCTION</u>

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

<u>Addressee</u>:
Terrence K. Alden
Reg. No. 02595-135
USP Lewisburg
PO Box 1000
Lewisburg PA 17837

s/ Anita L. Lightner
ANITA L. LIGHTNER
Paralegal Specialist

USA001241

TAM:JJC:all

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE K. ALDEN,** | : | **CIVIL NO. 3:CV-05-1735** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Kosik, J.)** |
| | : | |
| **JOSEPH V. SMITH**, et al. | : | |
| **Defendants** | : | **Filed Electronically** |

## EXHIBITS TO BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**THOMAS A. MARINO**
**United States Attorney**

**JENNIFER J. CLARK**
Assistant U.S. Attorney
Atty. I.D. No. 82294
**United States Attorney's Office**
**235 North Washington Avenue**
**P.O. Box 309**
**Scranton, PA 18501-0309**
Telephone: (570)348-2800
Facsimile: (570)348-2816

**Dated: September 29, 2005**

USA001242

SEE PROFILE Case 3:05-cv-01735-EMK-LQ Document 16 Filed 06/08/2006 Page 13 of 25

**EXHIBIT**

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE K. ALDEN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:CV-05-1735 |
| v. | : | (JUDGE KOSIK) |
| JOSEPH V. SMITH, ET AL., | : | |
| Defendants | : | |

## DECLARATION OF LAWRENCE S. KARPEN, Ph.D.

I, **LAWRENCE S. KARPEN**, hereby declare and state as follows:

1.  I am currently employed by the United States Department of
    Justice, Federal Bureau of Prisons ("FBOP"), as the Chief of
    Psychology Services at the United States Penitentiary,
    Lewisburg, Pennsylvania. I have been employed with the FBOP
    since June 1996.

2.  The Plaintiff, inmate Terrance Alden, Federal Register
    Number 02595-135, is currently confined at the United States
    Penitentiary, Lewisburg, Pennsylvania 17837.

3.  I am aware of the allegations contained in Alden's complaint
    and in his motion for a temporary restraining order and a
    preliminary injunction. Essentially, Alden states that he
    has a "medically restricted housing" slip; that he has since

SEC-ase 2020 a506 c02623 vAM u7Db HSMDR9com enodddRenFiledZ06/08X 299/2age 14 of 253Page4D #795

been assigned a cell mate; that he is now suffering from panic attacks and sleep deprivation; and that he requires surgery to repair a tear in his abdominal wall.

4.   As the Chief Psychologist, I have access to inmate psychology records and Bureau of Prisons SENTRY computer records.

5.   In responding to this action, I have reviewed the Plaintiff's psychology records.  This review reveals that the Plaintiff arrived at USP Lewisburg on September 1, 1999.

6.   In November 1999, the Plaintiff was seen at his request by Psychology Services staff for individual psychotherapy and medication management (via telemedicine clinic) for diagnosis of panic disorder without agoraphobia (repetitive panic attacks) and a depressive disorder not otherwise specified ("NOS").

7.   The case notes reflect that over the next year, the Plaintiff focused on achieving and maintaining single cell status and that apparently there were minimal active symptoms of distress reported during the period in which he was celled alone (single cell status).  It was the conclusion of his treating psychologist that the Plaintiff's

USA001244

difficulties were more a reflection of a personality disorder than that of a mental illness. Further, his treating psychologist determined that the Plaintiff was not in need of a single cell assignment for psychological reasons, but rather he wanted to create a more comfortable living situation while incarcerated.

8. Between May 2001 and the present, the Plaintiff has neither requested nor demonstrated the need for psychological intervention, including distress stemming from anxiety, depression or insomnia. Further, he has not been prescribed any medication for any mental health issues for over four years.

9. Contrary to the Plaintiff's claims, there is no record that the Plaintiff has ever been diagnosed by psychology services staff as suffering from "post-traumatic stress disorder", nor have these staff members ever issued a single cell assignment slip to the Plaintiff.

10. Further, the Plaintiff's assertions that he suffers from panic attacks only when he has a cell mate is inconsistent with the nature of a panic disorder. An individual who suffers from a panic disorder is likely to have panic attacks at any time, often unexpectedly, including when

USA001245

alone. In addition, panic attacks do not result in a loss
of volition (free will) which would enable someone to commit
a violent act without self-control.

11. In conclusion, the Plaintiff has received appropriate mental
health care for his complaints and Psychology Services staff
are available at the institution to provide further
treatment for the Plaintiff as requested and medically
indicated.

USA001246

SEP-27-2005 TUE 01:28 PM FIN MGT FCC ALLENWOOD        FAX NO. 570 547 9200        P. 13

I declare that the foregoing is true and correct and is
given under penalty of perjury pursuant to 28 U.S.C. § 1746.

    Executed this 27th day of September 2005.

LAWRENCE S. KARPEN, Ph.D.
Chief Psychologist
U.S.P. Lewisburg
Lewisburg, Pennsylvania 17837

USA001247

SEE CASE 2:03-CASE-01278-JJJ-HJHJ-HJC Document Filed 06/09/2007 Page 18 of 25 Page ID #: 793



**EXHIBIT**

_____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE K. ALDEN,** | : | |
| Plaintiff | : | **CIVIL ACTION NO. 3:CV-05-1735** |
| v. | : | (JUDGE KOSIK) |
| **JOSEPH V. SMITH, ET AL.,** | : | |
| Defendants | : | |

### DECLARATION OF ANTHONY J. BUSSANICH

I, **Anthony J. Bussanich**, hereby declare and state as follows:

1.  I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("FBOP"), as the Clinical Director at the United States Penitentiary, Lewisburg, Pennsylvania. I have been employed with the FBOP since July 1998.

2.  The Plaintiff, inmate Terrance Alden, Federal Register Number 02595-135, is currently confined at the United States Penitentiary, Lewisburg, Pennsylvania 17837.

3.  I am aware of the allegations contained in Alden's complaint and in his motion for a temporary restraining order and a preliminary injunction. Essentially, Alden states that he

USA001248

SEP 27 2005  Case 2:30-cv-00456-PPI-TRP Document ... Filed 01/08/2006 Page 18 of 25  Page ID #: 800

has a "medically restricted housing" slip; that he has since
been assigned a cell mate; that he is now suffering from
panic attacks and sleep deprivation; and that he requires
surgery to repair a tear in his abdominal wall.

4.    As the Clinical Director, I have access to inmate medical
      records and Bureau of Prisons SENTRY computer records.

5.    In responding to this action, I have reviewed the
      Plaintiff's medical records. This review reveals that I
      examined the Plaintiff on December 2, 1999. On that date,
      the Plaintiff reported to Health Services complaining about
      "recurrent panic attacks" which were not controlled by
      Paxil. Since the Plaintiff was being treated by Psychology
      Services staff at that time, I directed that the Plaintiff
      be placed in a single cell status indefinitely and that he
      return to Health Services in one month to check his blood
      pressure.

6.    I was then notified by Unit Management staff that due to
      population pressures within the institution, no single cells
      were available at that time. I therefore requested that the
      Plaintiff be placed on the waiting list for a single cell.

7.    On December 17, 1999, the Plaintiff was evaluated by a

USA001249

Physicians Assistant for palpitation (heart racing) and
agitation.  The Plaintiff was referred to Psychology
Services staff.

8.   On December 22, 1999, the Plaintiff reported to Health
Services and stated that he was unable to sleep at night
with recurrent panic attacks occurring approximately three
times per month.  I examined the Plaintiff and noted that
his blood pressure was elevated and I diagnosed him as
suffering from post-traumatic stress disorder and
hypertension.  I prescribed anti-hypertension medication, an
indefinite single cell assignment, and I instructed the
Plaintiff to return to Health Services in two weeks.

9.   The Plaintiff was thereafter seen on various dates by Health
Services staff for a variety of medical issues.  To the best
of my knowledge, the Plaintiff's single cell status which I
issued in December 1999 remained in effect.

10.  In January 2004, I conducted a review of the Plaintiff's
single cell assignment status.  This was done in accordance
with a change in institution policy which required a review
of all "indefinite" clinical orders.  I then re-issued the
Plaintiff's single cell assignment for a period of one year,
after which time it would expire.  The Plaintiff was

USA001250

provided a copy of the slip.

11. On August 23, 2004, the Plaintiff refused to be seen for his
    regularly scheduled chronic care clinic review. He then
    agreed to be seen on August 31, 2004.

12. On December 10, 2004, the Plaintiff reported to Health
    Services staff complaining of back pain.

13. On December 14, 2004, the Plaintiff reported to Health
    Services staff complaining that he was suffering from "panic
    attacks" and was irritated. He also stated that his back
    pain was "much improved" and he refused his medication for
    high cholesterol. I examined the Plaintiff and I determined
    that he was not in any apparent distress, his blood pressure
    was slightly elevated, and his heart was not racing. I
    prescribed aspirin and I directed him to return to Health
    Services in two weeks so that I could check his blood
    pressure.

14. On January 31, 2005, the Plaintiff refused to be seen for
    his regularly scheduled chronic care clinic review.

15. There is no record that the Plaintiff returned to Health
    Services until April 12, 2005, at which time he complained

USA001251

of low back pain. He further complained that he had a
hernia and that he has had occasional panic attacks. Upon
examination, the Plaintiff's blood pressure was improved but
slightly elevated. There was no evidence of an abdominal
hernia. I instructed the Plaintiff that he needed to
control his blood pressure and high cholesterol level
through medication. The Plaintiff continued to refuse
hypertensive and cholesterol medication. He was also
directed to return in four weeks to check his blood
pressure. The Plaintiff failed to return to Health Services
as directed.

16. On June 6, 2005, the Plaintiff was examined by a Physicians
Assistant after he complained that he was doing "bad" and
not sleeping. He also complained of pain in his feet and
pain in his umbilical area. The Plaintiff refused all
medication. No obvious abnormalities were noted and his
blood pressure was controlled. There was no evidence of a
hernia. The Physicians Assistant prescribed antibiotic and
anti-fungal cream and powder for his feet, he ordered a
laboratory test for the Plaintiff's cholesterol level, and a
follow-up with a doctor was scheduled.

17. On September 13, 2005, the Plaintiff requested a copy of his
medical records dating back to June 2003.

USA001252

18. Contrary to the Plaintiff's assertions, he does **not** have a single cell assignment, nor is there any evidence that the Plaintiff has requested to be examined by Health Services personnel for such an assignment since his one-year single cell assignment expired.

19. Further, there is no evidence in the Plaintiff's medical records that he is suffering from "acute abdominal pain associated with a tear in the tissues of the abdominal wall", or that he has sought treatment for such an injury.

20. Similarly, with the exception of the Plaintiff's complaints and treatment for lower back pain (November 2004), there is no evidence that the Plaintiff has sought assistance from Health Services staff for "severe muscle spasms deep back and chest inclusive of the heart" or severe "sleep deprivation".

21. In conclusion, the Plaintiff has received appropriate medical care for his complaints and Health Services staff are available at the institution to provide further treatment for the Plaintiff as requested and medically indicated.

USA001253

SEE Case 2:05-cv-00575-JPH-JDE Document 1 Filed 07/08/25 Page 24 of 25 Page ID #: 805

I declare that the foregoing is true and correct and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 27th day of September 2005.

ANTHONY J. BUSSANICH, M.D.
Clinical Director
U.S.P. Lewisburg
Lewisburg, Pennsylvania 17837

USA001254

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE K. ALDEN,** | : | **CIVIL NO. 3:CV-05-1735** |
| Plaintiff | : | |
| | : | |
| **v.** | : | (Kosik, J.) |
| | : | |
| **JOSEPH V. SMITH** et al. | : | |
| **Defendants** | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on September 29, 2005, she served a copy of the attached

## EXHIBITS IN SUPPORT OF BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

<u>Addressee:</u>
Terrence K. Alden
Reg. No. 02590-135
USP Lewisburg
PO Box 1000
Lewisburg PA 17837

s/ Anita L. Lightner
ANITA L. LIGHTNER
Paralegal Specialist