UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE K. ALDEN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-05-1735 |
| | : | |
| JOSEPH V. SMITH, et al., | : | (Judge Kosik) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

**I. Introduction**

Terrance K. Alden, an inmate currently confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act on August 25, 2005. Service of the original complaint and a motion for temporary restraining order filed by Alden was directed by the court on August 29, 2005. Thereafter, Alden moved to file an amended complaint in this action. The motion was granted and this matter presently proceeds on an amended complaint filed on December 5, 2005 (Doc. 35). Named as defendants are the following officials and employees at USP-Lewisburg: Joseph V. Smith, Warden; Cathy Ey, Counselor; Raymon Hoekman and Susan V. Heath, Lieutenants; Ron Hicks, Safety Manager; and Lawrence S. Karpen, Psychologist. The motion for temporary restraining order is fully briefed and ripe for consideration.

Also pending in this matter are numerous additional filings by Alden which are procedurally confusing when reviewing the docket, and have resulted in the filing by defendants of a motion for

clarification of the docket (Doc. 47). The Court has reviewed the pending filings and, by way of this Memorandum, will grant defendants' motion and clarify the procedural status of the case for the parties. In addition, Alden's motion for temporary restraining order filed on August 25, 2005 (Doc. 5) will be addressed.

## II.    Clarification of the docket

On October 19, 2005, Alden submitted a document entitled "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 21). This document sets forth identical allegations as contained in the first motion for tro which is presently ripe and awaiting disposition by the court. Regardless of the content of the motion, no supporting brief was ever submitted by Alden as required by M.D. Pa. Local Rule 7.5. As such, the motion will be deemed withdrawn for failure to file a supporting brief.

Also pending on the docket is a submission by Alden on December 5, 2005, entitled "Plaintiff's Reply Brief and Amendment Motion for Temporary Restraining Order" (Doc. 33). In the body of this document, Alden refers to his filing as an amended motion for temporary restraining order. A review of the document reveals, however, that it presents no new allegations but rather is virtually identical to the reply brief Alden filed regarding his first motion for tro which is presently pending before the court for consideration[1]. Because this document is presently before the court and is simply duplicative of his previous filing, the Clerk of Court will be directed to strike it from the record.

On December 6, 2005, Alden filed a "Motion for Enlargement of Time" within which to file his amended complaint in this case. Previously, the court had granted his request to file an amended

---

[1] In fact, Alden's submission is basically identical to his earlier filing and attaches the exact same exhibits as the earlier filing.

2

USA001328

complaint. It is evident from the filing that Alden prepared this motion on December 1, 2005, and it was not filed here until December 6, 2005. However, in the interim Alden did file his amended complaint on December 5, 2005 (Doc. 35). As such, it appears to the court that this motion for enlargement of time is moot. The court does not construe this motion as a request to file a second amended complaint. Rather, it appears that Alden was uncertain at the time he prepared the motion as to whether the copying department of the prison would have his documents prepared in time for Alden to submit the amended complaint to the court in a timely manner. The amended complaint filed with the court on December 5, 2005 is the standing complaint in this action and was filed timely in accordance with the court's Order of November 16, 2005.

On December 14, 2005, Alden files what appears to be a third motion for temporary restraining order (Doc. 38). A review of this document reveals that it too is identical to his earlier filing of October 19, 2005 (Doc. 21). In any event, the motion will be deemed withdrawn for failure to file a supporting brief in accordance with M.D. Pa. Local Rule 7.5.

The next filing questioned by defendants which appears on the docket is a submission entitled "Plaintiff's Reply Brief and Amendment Motion for Temporary Restraining Order" (Doc. 39) filed on December 14, 2005. This document is a duplicate of Plaintiff's filings of December 5, 2005 (Doc. 33) and October 19, 2005 (Doc. 22). The Clerk of Court has been directed to strike Document 33 from the record as duplicative of Document 22, which is presently before the court for consideration as Plaintiff's reply brief on the pending motion for temporary restraining order. In this regard, and for these same reasons, the Clerk of Court will also be directed to strike Document 39 from the record as duplicative.

Also appearing on the docket are the following two filings by Plaintiff: "Support Brief to Amend Complaint" (Doc. 40) and "Plaintiff's Exhibits in Support of Reply Brief and Amended

3

T.R.O. and Amended Complaint Brief" (Doc. 41). The court has reviewed these documents and will construe them to be supplements to the standing amended complaint (Doc. 35) in this action. The Clerk of Court is directed to make the appropriate notation in the docket.[2]

Based on the foregoing, this matter proceeds on the amended complaint filed by Alden on December 5, 2005 (Doc. 35) and the supplements thereto (Docs. 40, 41). Within twenty (20) days from the date of this Order, defendants are directed to file their response to the amended complaint and supplements thereto.

### III. Motion for Temporary Restraining Order

At the same time Alden filed his original complaint in this action, he submitted a motion seeking a temporary restraining order ("tro"). (Doc. 5.) In the motion he states that he is "in the process" of filing a suit which includes the allegations he sets forth in the tro motion. He alleges that since December 13, 2004, defendants Ey and Smith have acted in reckless disregard of his health and safety by preventing him from receiving recommended treatment for a serious medical condition. Specifically, Alden claims that he has been diagnosed with post-traumatic stress disorder which causes recurrent panic attacks along with physical pain and protracted sleep deprivation. He claims that defendants refuse to honor a physician's order that he be single-celled. On several occasions he has been celled with another inmate resulting in tortuous sleep deprivation, severe pain attacks with resulting physical pain, including injury to his abdominal wall, and even his attack of a fellow inmate

---

[2] Also appearing on the docket is a motion filed by Plaintiff on January 26, 2006, seeking service of the complaint by the U.S. Marshal's Service. (Doc. 26.) In the motion, Plaintiff states that he filed a "Support Brief to Amend Complaint" on or about December 10, 2005, with a revised list of defendants. The court has construed that filing (Doc. 40) to be a supplement to the amended complaint. In reviewing the standing complaint (Doc. 35), the list of defendants is the same as those referred to in the supplement. While Plaintiff contends that defendant Hicks has not submitted a waiver of service to the amended complaint, the docket reflects the filing of a waiver of service of summons by Hicks on January 27, 2006. Accordingly, the motion for service will be denied.

4

USA001330

during an episode. Alden seeks a court order enjoining defendants Ey and Smith from withholding the medically restricted housing as prescribed by his treating physician, and preventing defendants from destroying his medical records.

Defendants oppose the motion on the basis that Alden is unable to satisfy the requisites for granting injunctive relief. Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. and Tel. Co. V. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 US. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, Civ. No. 1:CV-01-2159, 2003 WL 102610, *2 (M.D. Pa. January 10, 2003)(J. Conner)(internal citations omitted). It is the moving party that bears the burden of satisfying these factors. (Id.).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to

5

be issued. Id. Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)). Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.)

Defendants maintain that Alden is unable to demonstrate a likelihood of success on the merits and that he will suffer any irreparable harm if an injunction is not granted. They first argue that the very claim at issue in the tro is presently before the court in the complaint filed by Alden and will be specifically addressed. The filing of the tro is just a method utilized by Alden to prematurely force the court into ruling on the underlying merits of his complaint.

More importantly, defendants submit declarations from Doctor Bussanich, Clinical Director at USP-Lewisburg and Dr. Lawrence Karpen, Chief of Psychology Services at USP-Lewisburg in support of their position that a temporary restraining order is not warranted in this case. The declaration of Bussanich acknowledges that he diagnosed Alden with post-traumatic stress disorder and hypertension in December of 1999, and prescribed anti-hypertension medication and an indefinite single cell assignment. In January of 2004, Alden's status was reviewed (he had been seen on various dates by the medical department prior to this time) and the single cell status was re-issued but only for a period of one year. (Doc. 13, Ex. 1, Bussanich Decl. at ¶¶ 8 -10.) Alden was later seen on numerous dates, but the single cell assignment was never extended. While Alden

USA001332

complained to the medical department of lower back pain, there is no evidence that he sought assistance for those conditions he claims were associated with the post-traumatic stress disorder. (Id. at 20.) As such, Alden currently does not have a single cell assignment order - - as it expired in January of 2005, prior to the time this action was commenced. (Doc. 13, Ex. 1, Bussanich Decl. at ¶¶ 10, 18.) Further, Alden has not requested to be examined by Health Services personnel for such an assignment since the one-year single cell assignment expired, and there is no evidence in Alden's medical records that he is in need of treatment for any abdominal injury. (Id. at ¶¶ 18. 19.)

A declaration from Karpen establishes that Alden has not been prescribed any mediation for any mental health issues in over four (4) years, and there is no record that he has ever been diagnosed by the psychology services staff as suffering from "post-traumatic stress disorder" or issued a single cell order from this department. (Doc. 13, Ex. 2, Karpen Decl. at ¶ 9.) It was the determination of Alden's treating psychologist that he was not in need of a single cell assignment for psychological reasons, but rather, he wanted to create a more comfortable living situation while incarcerated. (Id. at ¶ 7.) Karpen further states that Alden's assertions that he suffers from panic attacks only when he has a cell mate is inconsistent with the nature of a panic disorder. (Id. at ¶10.) Based on the foregoing, defendants state that Alden is not being deprived of medical or psychological treatment, and will not suffer any irreparable harm if the motion is not granted in that there exists no need for the relief he seeks in the motion.

In his reply brief, Alden points to the original single cell assignment order issued by Dr. Bussanich to support his position. However, as demonstrated by defendants, this order was later changed to only last an additional year, and then expired in January of 2005. Alden himself attaches as an exhibit the January 7, 2004 medical order of Bussanich which clearly states that he is permitted single cell status for one year - - through midnight of January 7, 2005. (Doc. 22, Ex. B.) While

7

USA001333

Alden attaches the declarations of his cell mates to detail the episodes which allegedly occurred while housed with him, this does not change the fact that there does not appear to be a violation taking place by defendants of an existing single cell assignment order which is resulting in irreparable harm to Alden at this time. Furthermore, the merits of Alden's claims on this issue and other issues are presently before the court in his pending amended complaint. Accordingly, the motion for tro will be denied. An appropriate Order follows.

8

USA001334

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRANCE K. ALDEN,                     :
                                       :
        Plaintiff                      :
                                       :
   v.                                  :   CIVIL NO. 3:CV-05-1735
                                       :
JOSEPH V. SMITH, et al.,                :   (Judge Kosik)
                                       :
        Defendants                     :

# **O R D E R**

**AND NOW, THIS 21st DAY OF FEBRUARY, 2006**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed on October 19, 2005 (Doc. 21) and Motion for Temporary Restraining Order filed on December 14, 2005 (Doc. 38) are deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5 for failure to file supporting briefs.

    2. The Clerk of Court is directed to strike from the record as duplicative Plaintiff's "Reply Brief and Amendment Motion for Temporary Restraining Order"
(Docs. 33, 39) filed on December 5, 2005 and December 14, 2005.

    3. Plaintiff's Motion for Enlargement of Time to File Amended Complaint (Doc. 36) is dismissed as moot.

    4. Plaintiff's "Support Brief to Amend Complaint" (Doc. 40) and "Exhibits in Support of Reply Brief and Amended T.R.O. and Amended Complaint Brief" (Doc. 41) are construed to be supplements to the amended complaint in this action.

The Clerk of Court is directed to make the appropriate notation to the docket.

     5.  Plaintiff's Motion for Service of the Complaint by the U.S. Marshal's Service (Doc. 26) is denied.

     6.  Plaintiff's Motion for Temporary Restraining Order (Doc. 5) is denied.

     7.  Defendants' Motion for Clarification is granted to the extent set forth in the attached Memorandum.

     8.  Within twenty (20) days from the date of this Order, defendants shall file their response to the amended complaint (Doc. 35) and the supplements thereto (Docs. 40, 41).

                                                 s/Edwin M. Kosik
                                                 United States District Judge

USA001336