# AFFIDAVIT

FILED
07/08/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

I, Terrance Alden, do HEREBY CERTIFY and DECLARE:

Terrance Alden

2:20-cv-00479-JPH-DLP

1. I, Terrance Alden ("Alden"), remain in the lawful custody of the Federal Bureau of Prisons ("BOP"), by means of the Warden, at U.S.P. McCreary, Pine Knot, Kentucky.

2. I am serving a 125 year sentence for violations of the bank robbery statute 18 U.S.C. § 2113 (a)+(d).

3. I am in litigation involving medical/malpractice by means of 28 U.S.C. § 1346(b)... further I seek a declaratory judgment for various violations of the Rehabilitation Act at 29 U.S.C. § 794(a) and § 504 for discrimination against a disabled person.

4. The purpose of this Affidavit shall be to address the Defendant's Motion For Summary Judgment.

5. I respectfully declare Dr. David Lukens, Staff Physician, and Dr. William Wilson, Clinical Director, are the two persons on the medical staff at U.S.P. Terre Haute, during the point of impact injuries due to black-outs, suffered by Alden, both of whom failed to address the problem underlying cause for black-outs.

6. Alden respectfully submits that on or about 8/15/17, I did meet with Dr. Lukens, during the course of routine examination I did disclose, the effects double-celling had on me.

7. During that meeting I pointed out the history of diagnosis by whom, and further informed him of the violent fits, whether panic episodes or something from the PTSD, I don't know only that it occurs with sleep state then a violent attack, and subsequent awakening.

8. Dr. Lukens suggested that Psychology, would be able to address that problem, and he had patients waiting.

9. Alden respectfully declares on or about 6/15/18, I had another encounter with Dr. Lukens, on 5/11/18, as result of a black-out, I impacted right shoulder on concrete obutement.

10. Dr. Lukens would tolerate no explanation regarding lack of sleep due to double celling nor any reference to PTSD, "Time out" printed on record establishes the Doctor's refusal to discuss or address real problem causing Alden serious physical injuries.

11. On or about 7/19/18, Alden was on call-out to see Dr. Wilson, I did use the opportunity to ask for help since on 10/14/17, I blacked-out and suffer a peri-prosthetic fracture, right

2

arm, and now as of 5/11/18, that impact injury to right shoulder, had significant unrelenting pain. I pointed out that over the years I had been single celled by a number of Wardens all of whom I named, with the U.S.P. that it occured at.

12. Dr. Wilson, failed to actually review the facts presented, that is evident by his response in the record file.

13. The right shoulder impact injury was evaluated by an Orthopedic M.D. Sammidaufar, on or about 3/12/19, he recommended follow-up EMG.

14. On or about 6/27/19, I was evaluated by means of an "EMG" by Dr. Douglas Paine, his finding identified acute denervation in superspinatus.

15. The third impact injury occured on or about 4/24/20, result of black-out while seated closed fracture, to 3rd Metacarple of right hand. Severe impact right elbow. Dr. Douglas McGuirk, Orthopedic Surgeon, evaluateched indicated likely to need surgery. Dr. McGuirk, suggested black-out likely a matter of narcolepsy.

16. Alden respectfully submits for the record, at page 4 of Brief in support of Summary Judgement Dr. Karpen, misrepresented facts after Dec of 1999, I did not meet with psychology Services, unless passing in main hallway counted as treatment.

17. Alden respectfully suggests Dr. Karpen's claims regarding violent panic attacks or related to PTSD run contrary to Boyko v Parke, 259 F3d 781, 789 (7th Cir)

3

18. Alden deferentially suggests that the Mission of the Psychology departments bureau wide, is to provide proof of treatment to maintain the Job, by means of paperwork.

19. Alden respectfully offers the video records exist in Special Housing Unit ("SHU"), at USP Terre Haute, a review of video to challenge written reports would be very enlightening. See Bianca Vigil PSY.D. a number of reports yet I never spoke to the Psy's.

20. I respectfully aver that I signed the release intending to prevent any further litigation, I had a cell order by and through Warden Johns and then followed by Warden Garrett, at USP Coleman I.

21. I respectfully state that at no point during the conversation with the Honorable Judge Kosik, did he mention that an actual disability claim would be waived and forfeit to any cause of action.

22. Attorney Thomas Marino's fax/letter acted as nothing less than a fraudulent inducement, since he references... "in accordance with Judge Kosik's explanation to you".

23. Simply said perhaps one should not trust the words of a Judge, however, I actually do, and acknowledge that if you speak with respect to the Court, the same level of respect is usually returned.

24. For this record the Honorable Edwin Kosik, U.S.D.J., will always be Honorable to my actual belief.

25. For this record... "By signing the Agreement, you are waiving any claims, existing or occurring in the future, having to do with the sheer fact that you sustained a hernia during altercation with a cellmate."

26. Alden respectfully says as the text reads the omission of a material fact comes about, simply I do suffer some actual mental impairment, which is not part of physical body, but exists when a door is locked and another person is within those confines.

27. Alden respectfully suggests the terms "sheer fact that you sustained a hernia" locks my thinking into "absolute" "unmitigated" - "pure fact" of physical injury all related to the single injury which I did sustain.

28. Alden humbly states that the release's underlying goal appears to have been to induce a waiver of an actual disability, which has been present since the 70's.

29. Alden respectfully offer unnecessary and wanton infliction of pain, is without penological justification, having placed myself in such a position as the result of not reading the actual fraud and deceit in the terms of release, was neither, knowing, intelligent or intentional, waiver of rights. That sleep deprivation is a matter of prison life is a fact, however, reasonable accommodation for a disability is in compliance with the anti-discrimination laws of this country.

Alden deferently states that the Rehabilitation Act's clauses are at least a valid liberty interest granted to Alden by terms of due process clause.

The U.S. Attorney's attempt to claim the release of rights to application of the protection of a civil rights law, based on Thomas Marino's fraudulent Inducement should vitiate any claimed contract.

I, Terrance Alden, do HEREBY CERTIFY and ATTEST: that all of the foregoing statements made by me are true and correct to the best of my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false that I am subject to the penalty for perjury pursuant to (28 U.S.C. § 1746).

Date: 6/23/22          By: Terrance Alden
                            Terrance Alden

CERTIFICATE OF SERVICE

I, Terrance Alden, do HEREBY CERTIFY and DECLARE:
    Terrance Alden

Copies of the foregoing Document(s) have been filed with:

1. AFFIDAVIT IN RESPONSE MOTION FOR SUMMARY JUDGMENT

I, Terrance Alden, respectfully Attest that I have delivered this copy to Prison Legal Mails. In accord with the provisions announced in Houston v Lack, 487 US 266, 270 (1988), it is deemed filed when delivered to Prison Mails on: 6/23/22 Postage Prepaid

COPIES TO: OFFICE of U.S. Attorney
           Southern District of Indiana
           10 West Market St. Suite 2100
           Indianapolis, IN.
                     46204-3048

DATE: 6/23/22

Respectfully Submitted
BY Terrance Alden
   Terrance Alden