UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF INDIANA

TERRANCE ALDEN,

    Petitioner,

v.

               CASE NO. 2:20-cv-00479-JPH-DLP

FEDERAL BUREAU of PRISONS,

    Defendant(s).

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CHALLENGE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, Terrance Alden ("Alden"), moving in the action before this Honorable Court, in prose.

Alden deferentially states that he is not attempting to Amend, his complaint, in this document. However, addressing the facts which have come to light with A.U.S.A. Fischer's declarations identifying the "global" nature of said Release Agreement signed in June of 2007, by Alden.

Alden respectfully submits that the facts of the point in question are actively exhibited within DOCUMENT 97 filed 6/06/07, in the Matter of Alden v Smith et al, CASE NO. 3:05-cv-01735-EMK-LQ, document 97

Authored by U.S. Attorney, Thomas Marino, the Opening." In Accordance with Judge Kosik's Explanation to you "..." I write to confirm for you the impact of your Execution of the Stipulation Compromise Settlement and release, ("Agreement").

Alden respectfully acknowledges A.U.S.A. Fischer's position ..." A Settlement agreement is a contract. When a contract's language is clear and unambiguous, that Main language controls".

Alden respectfully offers." the elements of fraudulent inducement are 1) a Material Misrepresentation of past or existing fact which 2) was untrue ... 3) was Made with knowledge of its falsity 4) was Made with intent to deceive 5) was rightly relied upon by the complaining party 6) which caused injury or damage complained of. Golars v Ind. Dept. of ENVTL. MGMT., U.S. Dist. Lexis 62331 (7th Dist. 2021)

Alden humbly submits the Honorable Judge Kosik, U.S.D.J., did take time to detail effect(s) of the projected Settlement and release ("Agreement"). His Honor, said I would Not be waiving claims of Negligence (later) if the Bureau of Prisons, again acted negligently resulting in injury related to Post Traumatic Stress Disorder.

Alden again respectfully suggests that conference call was recorded in June of 2007, thus it should be retrievable for review, the U.S. Attorney's statements Misrepresented the actual contract/agreement which I signed believing the deception. A.U.S.A. Fischer, points out the Release Agreement is global and all Encompassing, Alden Suggests a Material fact to be considered before signing.

2

Alden respectfully proffers: "Under any understanding of the concept, Materiality "look[s] to the effect on likely or actual behavior of the recipient of the alleged Misrepresentation." 26 R. Lord, Williston on Contracts § 69.12 P. 549 (4th ed 2003) (Williston) In tort law for instance, a "Matter is Material" in only two circumstances: (1)[if] a reasonable Man would attach importance to [it] in determining his choice of action in the transaction;" or (2) if the defendant Knew or had reason to know that the recipient of the representation attaches importance to the specific Matter "in determining his choice of action" Even though a reasonable person would Not. Restatement (second) of Torts § 538 at 80. Materiality in Contract law is substantially Similar. see Restatement (second) of Contracts § 162 (3) and comment on pp 439, 441 (1979) ([A] Misrepresentation is Material "only if it would "likely ... induce a reasonable person to Manifest his assent," or the defendant "knows that for some special reason [the representation] is likely to induce the particular recipient to Manifest his assent to the transaction.")

Universal Health Servs. v United States ex rel Escobar, 579 US 176, 194 (2016)

... "omissions or concealment of Material information can constitute fraud ... cognizable under the Mail fraud statute, without proof of a duty to disclose the information pursuant to a specific statute or regulation."

United States v Keplinger, 776 F2d 678, 697 (7th cir. 1985)

DATE: 8/11/22

Respectfully Submitted

Terrance Alden

Terrance Alden

3