UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRANCE ALDEN, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 2:20-cv-00479-JPH-MKK |
| FEDERAL BUREAU OF PRISONS, et al., | ) |
|                 Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DENYING MOTION FOR RELIEF FROM JUDGMENT**

Terrance Alden alleges that the Federal Bureau of Prisons ("BOP") harmed him when it refused to assign him to a single cell, that is, a cell without a cellmate. His claims are proceeding under the Federal Tort Claims Act ("FTCA") and the Rehabilitation Act. Defendants argue that Mr. Alden's claims are barred by a settlement agreement in a previous lawsuit. Mr. Alden opposes the motion for summary judgment and has filed a motion to entertain an independent action to relieve a judgment. For the following reasons, the defendants' motion for summary judgment is **GRANTED** and Mr. Alden's motion for relief from judgment is **DENIED**.

**I.
Factual Background**

In May of 2005, while incarcerated at the United States Penitentiary – Allenwood, Mr. Alden filed a lawsuit alleging that he suffered from post-traumatic stress disorder ("PTSD"), that a doctor had ordered that he be assigned to a single cell, and that he was experiencing sleep deprivation as a result of not being

1

assigned to a single cell. *Alden v. Smith et al.*, 3:05-cv-1083-EMK-LQ (M.D. Pa.) ("*Alden I*"). That lawsuit was dismissed in June of 2005 at Mr. Alden's request. *Id.* dkt. 7, 8.

In August of 2005, Mr. Alden filed a second lawsuit raising similar claims. *Alden v. Smith et al.*, 3:05-cv-1735-EMK-LQ (M.D. Pa.) ("*Alden II*"). Mr. Alden again alleged, among other things, that he was suffering from sleep deprivation and that he was entitled to be assigned to a single cell. *Id.* dkt. 1. He also alleged that he had attacked cellmates because he was sleep deprived and suffering from panic attacks, and that being housed with another inmate caused both conditions. *Id.* dkt. 35 at 5.

On June 7, 2007, the parties settled *Alden II* by executing a Stipulation for Compromise Settlement and Release of Plaintiff's Claims Pursuant to 28 U.S.C. § 2677 (the "Settlement Agreement"). Dkt. 93-11.

The Settlement Agreement provides that the United States pay Mr. Alden $300.00 in

> full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

Dkt. 93-11 at 7.

The Settlement Agreement further provides that:

> Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation for Compromise Settlement and Release in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

*Id.* at 7-8.

The Settlement Agreement states that it "constitutes the entire agreement between the parties." *Id.* at 9. And, in signing the Settlement Agreement, Mr. Alden certified that "[n]o promise or inducement that is not herein expressed has been made to any of the parties and the parties do not rely on any statement or representation made by any person not otherwise contained herein." *Id.* at 9-10. The Settlement Agreement did not provide for Mr. Alden to be assigned to a single cell. *See id.*

The cover letter forwarding the Settlement Agreement to Mr. Alden for signature stated:

> By signing the Agreement, you are waiving any claims, existing or occurring in the future, having to do with the sheer fact that you sustained a hernia during an altercation with an inmate. The release portion of the Agreement also waives your right to sue the United States or its employees regarding any of the other claims raised in your amended complaint (Doc. 35) and your two supplements to the amended complaint (Docs. 40 & 41).
>
> However, should you suffer any injury as a result of some independent negligence of the United States or its employees, either medical in nature during a hernia surgery or otherwise, you retain

3

>the right to pursue your legal remedies since those acts have not yet occurred, and were not raised in your pleadings in this case and therefore not waived by the Agreement.

Dkt. 105-1 at 1.

On September 11, 2020, Mr. Alden filed this lawsuit. Like in his other lawsuits, he alleges that "he would not be able to willingly go to sleep in a cell, when double celled with another prisoner, as a result of an impairment diagnosed in 1999, treated for 5 years at USP Lewisburg." Dkt. 1 at 2.

## II.
## Discussion

The defendants have filed a motion for summary judgment arguing that the claims set forth in this case are barred by the release and settlement agreement that Mr. Alden executed in *Alden II*. Like the claims set forth in *Alden II*, defendants argue, the claims set forth in this case are also based on Mr. Alden's contention that he suffers from PTSD and, based on that diagnosis, requires a single cell. Mr. Alden has responded to the motion for summary judgment and has also filed a motion to entertain an independent action for relief from a judgment or order in which he seeks invalidation of the Settlement Agreement.

**A. Motion for Summary Judgment**

Defendants argue that, in the Settlement Agreement, Mr. Alden released any future claims based on requests to be assigned to a single cell because of his PTSD.

### 1. Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

### 2. Applicable Law

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016). It's uncontested that the Court should apply Pennsylvania law to interpret the Settlement Agreement. *See* dkt. 94 at 9; *see generally* dkts. 106, 126. In Pennsylvania,

> it is well settled that the effect of a release is to be determined by the ordinary meaning of its language. The enforceability of settlement agreements is governed by principles of contract law. Courts will enforce a settlement agreement if all its material terms have been agreed upon by the parties. A settlement agreement will not be set aside absent a clear showing of fraud, duress, or mutual mistake.

*Pennsbury Vill. Assocs., LLC v. McIntyre*, 11 A.3d 906, 914 (Pa. 2011) (cleaned up).

### 3. The Settlement Agreement

The defendants argue that, through the Settlement Agreement, Mr. Alden released the United States and its agents from claims "on account of the same subject matter" as *Alden II*. Dkt. 94 at 12; *see* dkt. 93-11 at 8. The defendants contend that the claims set forth in this case arise out of the same subject matter that was the basis for the claims in *Alden II*. In both cases, Mr. Alden alleged that based on a 1999 PTSD diagnosis, he was entitled to be assigned to a single

6

cell and that he has suffered sleep deprivation and related harm because he has been denied a single cell. Dkt. 94 at 12.

In response, Mr. Alden admits that he signed the Settlement Agreement "intending to prevent any further litigation."[1] Dkt. 106 at 4 ¶ 20. But he argues that the Settlement Agreement does not bar the claims in this case because he was misled by the cover letter that came with the Settlement Agreement, and by statements that the judge made. *Id.* at 4 ¶¶ 21–22; dkt. 126 at 2.

The Settlement Agreement has an integration clause. Dkt. 93-11 at 9 ¶ 9 ("This Agreement constitutes the entire agreement between the parties . . . ."). The Agreement also states that the parties certify that they "do not rely on any statement or representation made by any person not otherwise contained herein." *Id.* at 10.

Under Pennsylvania law, the Settlement Agreement was therefore the "final and complete expression of their agreement" regardless of what the cover letter and/or the judge said. *Blumenstock v. Gibson*, 811 A.2d 1029, 1035 (Pa. Super. 2002); *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004) (stating that such impermissible extrinsic evidence includes oral and written negotiations). And that Agreement bars claims "on account of the same subject matter" of *Alden II*, where he alleged injuries after being denied a single cell, despite a PTSD diagnosis from Dr. Anthony Bussanich in 1999. Dkt. 93-11 at 7–8 ¶ 3; dkt. 93-6 (*Alden II* complaint). Since this suit also alleges injury

---

[1] He states that he "had a cell order" at USP Coleman I, but he does not assert that this was part of the Settlement Agreement, and there is no discussion of a single cell in that Agreement. Dkt. 106 at 4; dkt. 93-11.

7

arising from not being assigned to a single cell after the 1999 PTSD diagnosis from Dr. Bussanich, *see* dkt. 1 at 2 & n.1, the Agreement bars the claims set forth in this case, so Defendants are entitled to summary judgment. *See, e.g., Republic Ins. Co. v. Paul Davis Sys. of Pittsburgh S., Inc.*, 670 A.2d 614, 615–16 (Pa. 1995) (holding that settlement agreement's "clear" and "all-inclusive" release language was bar to suit).[2]

### B. Motion to Entertain Independent Action

Mr. Alden also asks the Court to entertain an independent action, as contemplated by Rule 60(d)(1) of the Federal Rules of Civil Procedure.

Rule 60(d)(1) allows the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice" that is "deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998).

In support of his motion to entertain an independent action, Mr. Alden raises the same challenges he asserted in response to the motion for summary judgment. Specifically, he argues that, in signing the Settlement Agreement, he did not intend to release all claims related to his asserted PTSD. But Mr. Alden's

---

[2] While the Court applies Pennsylvania law, the outcome would be the same under Indiana law. *See Orme v. Est. of Kruwell*, 453 N.E.2d 355, 356 (Ind. Ct. App. 1983) (unambiguous release language that released "all claims of every kind and character" barred suit); *Munster Steel Co. v. CPV Partners, LLC*, 186 N.E.3d 143, 148–49 (Ind. Ct. App. 2022) (noting that courts generally cannot consider extrinsic evidence that varies contract terms "where an integration clause states that the written document embodies the complete agreement between the parties").

8

alleged misunderstanding of the Settlement Agreement, without more, does not arise to the level of a "grave miscarriage of justice." Accordingly, Mr. Alden's motion to entertain an independent action must be denied.

### III. Conclusion

The defendants' motion for summary judgment, dkt. [93], is **granted**, and the plaintiff's motion to entertain an independent action, dkt. [102], is **denied**.

Mr. Alden's motions to provide documentary evidence in support of his motion to entertain an independent action, dkt. [105], dkt. [110], motion to address defendant's opposition, dkt. [118], and motion to challenge defendants' summary judgment motion, dkt. [125], are **granted** only to the extent the evidence and arguments in those motions have been considered.

Judgment consistent with this Order shall now issue. All other motions are denied as moot.

**SO ORDERED.**

Date: 3/13/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TERRANCE ALDEN
55069
SBI#161987A
TRENTON STATE PRISON
PO BOX 861
Trenton, NJ 08625

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
rachana.fischer@usdoj.gov

9